UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
:
Eliezer Levin,              :
:
Plaintiff,   :   Case No. 18-CV-1586
:
- against -        :   **ECF CASE**
:
:   **COMPLAINT FOR**
The Ministry of Culture and Tourism, Republic   :   **DECLARATORY**
of Turkey,                  :   **JUDGMENT**
:
Defendant.   :
:
:
---------------------------------------------------------------x

Plaintiff Eliezer Levin ("Plaintiff" or "Levin"), through his undersigned counsel, brings this complaint ("Complaint"), asserting and seeking declaratory judgment against defendant the Ministry of Culture and Tourism, Republic of Turkey ("Turkey"), and alleges on knowledge as to himself and otherwise on information and belief, as follows:

## Nature of the Action

1. The gravamen of the Complaint is Turkey's attempted repatriation of a certain 58.5-centimeter-tall ancient Roman marble statue of the goddess Cybele (the "Cybele").

2. Pursuant to 28 U.S.C. Sections 2201-2202, Levin respectfully seeks declaratory relief to declare the respective rights of the parties with respect to the Cybele, specifically that (1) Levin holds good title to the Cybele; (2) Turkey does not have a basis to seek forfeiture of the Cybele under the UNESCO Convention on the Means of Prohibiting and Preventing the Illicit Import, Export and Transfer of Ownership of Cultural Property ("UNESCO Convention"), and the

Convention on Cultural Property Implementation Act ("CPIA"); and (3) Turkey does not have a claim of ownership to the Cybele in light of Plaintiff's rights of ownership and clear title to it.

3. This action is ripe for declaratory judgment, as there now exists an actual controversy capable of immediate relief under federal law amongst the parties.

### Jurisdiction and Venue

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. Sections 2201(a) and 2202.

5. This Court has jurisdiction under 28 U.S.C. Section 1330.

6. Venue is proper in this Court under 28 U.S.C. Section 1391(b), as the property that is the subject matter of this action is located in this judicial district.

### The Parties

7. Plaintiff Eliezer Levin is a citizen and resident of the State of Israel ("Israel").

8. Defendant the Ministry of Culture and Tourism is an agency of the government of the Republic of Turkey.

### Relevant Legal Authorities

9. Israeli law provides that a good faith purchaser of movable property acquires valid title to the property. Specifically, Section 34 of Israeli Sale Law 1968 states:

> Where any movable property is sold by a person who carries on the sale of property of the kind of the thing sold, and the sale is made in the ordinary course of his business, ownership passes to the buyer free of every charge, attachment or other right in the thing sold even if the seller is not the owner thereof or is not entitled to transfer it as aforesaid, provided that the buyer buys and takes possession of it in good faith.

*Gemologicial Inst. of Am., Inc. v. Zarian Co.*, No. 03 CIV. 4119 (RLE), 2006 WL 2239594, at *3 (S.D.N.Y. Aug. 4, 2006) (quoting English translation).

10.     The United States is a signatory to the UNESCO Convention.  It implemented the UNESCO Convention by enacting the CPIA, which became effective on April 12, 1983.  Turkey became a signatory to the UNESCO Convention effective April 21, 1981.

### Factual Allegations Common to All Counts

**A.     Levin's Purchase of the Cybele**

11.     Levin purchased the Cybele in 1987 at a public auction in Israel.

12.     The public auction was held by Matsa Co. Ltd ("Matsa"), an Israeli auction house founded in 1970, and the Archaeological Center in Israel, which was founded in 1979 and licensed by the Israel Antiquities Authority ("IAA") to sell antiquities.

13.     From October 29 to November 2, 1987, Matsa and the Archaeological Center exhibited the Cybele at Beit Asia, 4 Weizmann St., Tel Aviv, Israel.

14.     On November 3, 1987, at the same location as the exhibition, Matsa and the Archaeological Center held a public auction that included the Cybele.

15.     The auction catalogue bears the seal of the Antiquities Dealers Association, an association that aims to "protect[] honest collectors and the legitimate trade in antiquities from being tainted by those who operate illegally."  *See* http://theada.co.uk/.

16.     The auction catalogue identified the Cybele as a 58.5-centimeter-tall "Roman marble statue of the Goddess CYBELE."  It noted that the goddess Cybele was a deity of "phrygian origin" who was introduced to Rome in 204 B.C.  It identified the Cybele statue in the auction as being from the "1st Century A.D.," and it stated that a "similar item" is the "Cybele in Naples national museum."

17.     The auction catalog recited the following provenance: "From the collection of the late general Moshe Dayan, sold to a private collector."

3

18. Levin purchased the Cybele at the November 3, 1987 public auction in Israel, and took possession of it in Israel.

19. Upon information and belief, the Cybele remained in Israel since Levin took possession of it until on or about February 24, 2016, when it was imported into the United States to be sold.

**B.  Exhibition and Publication of the Cybele**

20. In or about the summer of 1998 the Cybele was publicly exhibited in Tel Aviv, Israel, at the Eretz Israel Museum, a historical and archaeological museum that is one of the largest museums in Israel.  *See* http://www.eretzmuseum.org.il/e/299/.

21. The 1998 exhibition was sponsored by the Israeli Ministry of Education, Culture and Sports, the Culture and Art Division of the Israeli Culture Authority, and the Israeli Department of Museums.

22. The Eretz Israel Museum published a catalogue of the 1998 exhibition, which included a photograph and the following description of the Cybele: "Roman marble statue of Cybele seated on her lions' throne, wearing her mural crown.  The plinth bears a dedicatory inscription in Greek reading: 'Asklepiades son of Hermius from the city of Side the 'Mother of the Twelve Gods' has dedicated as a vow' 1st century CE Private collection".

**C.  Attempted Sale of the Cybele**

23. In or about early 2016, Levin consigned the Cybele to an auction house in Tel Aviv, Israel (the "Tel Aviv Auction House").  The Cybele was to be sent to a New York City auction house (the "New York Auction House") for public auction upon issuance of an export license.

24. In or about early 2016, Levin applied for an export license from the IAA to export the Cybele from Tel Aviv, Israel to the United States.

25.     Upon information and belief, upon the IAA's request, Levin provided the Cybele to the IAA for inspection.

26.     Upon information and belief, the IAA inquired with Interpol whether any country had an interest in the Cybele, and received no responses.

27.     On or about February 23, 2016, the IAA issued an export license approving export of the Cybele to the United States.

28.     Upon information and belief, pursuant to the export license, on or about February 24, 2016, the Cybele was shipped from the Tel Aviv Auction House to the New York City Auction House for public auction.

**D.     Turkey's Claim with respect to the Cybele**

29.     Upon information and belief, the Cybele was exported from Israel pursuant to the export license.  On or about March 1, 2016, IAA was notified by Interpol that Turkey suspected that the Cybele was taken out of Turkey illegally.

30.     Upon information and belief, after being contacted by Interpol, the IAA contacted the Department of Homeland Security to advise them the statue was no longer in Israel and that it was en route to the United States.

31.     On or about April 18, 2016, the Turkish Consulate General located in New York sent a letter to the New York Auction House, which stated that research "suggests" that the Cybele was "of Turkish origin" and was "taken out of the country illegally," and asked the New York Auction House to "hold its sale."

32.     Levin and the New York Auction House agreed to hold the sale pending resolution of Turkey's alleged claim.

**E.     Current Location of the Cybele**

33.     The Cybele is presently located in New York City

5

## COUNT I

**Plaintiff Acquired Good Title to the Cybele Pursuant to Israeli Law**

34. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in Paragraphs "1" through "33" of this Complaint with the same force and effect as if herein set forth in full.

35. As stated above, Section 34 of Israeli Sale Law 1968 states:

> Where any movable property is sold by a person who carries on the sale of property of the kind of the thing sold, and the sale is made in the ordinary course of his business, ownership passes to the buyer free of every charge, attachment or other right in the thing sold even if the seller is not the owner thereof or is not entitled to transfer it as aforesaid, provided that the buyer buys and takes possession of it in good faith.

*Gemologicial Inst. of Am., Inc. v. Zarian Co.*, No. 03 CIV. 4119 (RLE), 2006 WL 2239594, at *3 (S.D.N.Y. Aug. 4, 2006) (quoting English translation).

36. The 58.5-centimeter-tall Cybele is movable property.

37. The Cybele was sold by Matsa and the Archaeological Center in a public auction in Israel that was in the ordinary course of Matsa's and the Archaeological Center's business. Upon information and belief Matsa and the Archaeological Center are reputable organizations that regularly sold items similar to the Cybele.

38. Levin paid value for the Cybele at public auction, took possession of it in Israel, and acted in good faith throughout.

WHEREFORE, Plaintiff respectfully requests a declaratory judgment that Levin acquired good title to the Cybele pursuant to Section 34 of Israeli Sale Law 1968.

## COUNT II

### There is no Basis for the Forfeiture of the
### Cybele Under the UNESCO Convention and the CPIA

39. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs "1" through "38" of this Complaint with the same force and effect as if herein set forth in full.

40. The CPIA governs Turkey's rights with respect to any claims under the UNESCO Convention. Under Section 310 of the CPIA, cultural property may be forfeited if: (1) it was (a) designated on a list of protected items pursuant to an agreement between Turkey and the Secretary of the Treasury of the United States, under Section 305, and it was (b) exported from Turkey without the certification required under Section 307 for items that have been so designated; or (2) under Section 308, it was (a) documented as belonging to the inventory of a museum, public monument or similar institution in Turkey, and it was (b) stolen from that inventory after the later of the date Turkey became a State Party to the UNESCO Convention (*i.e.*, April 21, 1981) or the effective date of the CPIA (*i.e.*, April 12, 1983).

41. Upon information and belief, the Cybele was neither designated on a list of protected items under Section 305 nor was it exported from Turkey without certification required under Section 307 for items that have been so designated.

42. In addition, upon information and belief, the Cybele was not documented as belonging to the inventory of a museum, public monument or similar institution in any State Party to the UNESCO Convention.

43. Turkey therefore cannot seek forfeiture of the Cybele under the UNESCO Convention or the CPIA.

WHEREFORE, Plaintiff respectfully requests a declaratory judgment that there is no basis for the forfeiture of the Cybele under the UNESCO Convention and the CPIA.

### COUNT III

**Turkey Does Not Have a Claim of Ownership to the Cybele**

44.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs "1" through "43" of this Complaint with the same force and effect as if herein set forth in full.

45.     Turkey has no right of ownership in the Cybele in light of Levin's ownership and clear title to the Cybele pursuant to Israeli law.

WHEREFORE, Plaintiff respectfully requests a declaratory judgment that Plaintiff is the owner of the Cybele and has clear title to the Cybele.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Levin as follows:

(A)     On Count I of the Complaint, a declaratory judgment that Levin acquired and has maintained good title to the Cybele under Section 34 of Israeli Sale Law 1968;

(B)     On Count II of the Complaint, a declaratory judgment that there is no basis for the forfeiture of the Cybele under the UNESCO Convention and the CPIA;

(C)     On Count III of the Complaint, a declaratory judgment that Turkey does not have a claim of ownership to the Cybele and Levin is the owner of the Cybele and has clear title to the Cybele;

(D)     Interest, costs and disbursements relating to this action, including reasonable attorneys' fees, incurred in this action; and

  (E) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
   February 21, 2018

               Respectfully submitted,

               WILMER CUTLER PICKERING
               HALE AND DORR LLP

               *Attorneys for Plaintiff Eliezer Levin*

               By: /s/ *Sharon Cohen Levin*
                  Sharon Cohen Levin
                  WILMER CUTLER PICKERING
                  HALE AND DORR LLP
                  7 World Trade Center
                  250 Greenwich Street
                  New York, NY 10007
                  (212) 230-8804 (t)
                  (212) 230-8888 (f)
                  Sharon.Levin@wilmerhale.com